

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 1, 2021

<u>Via ECF</u>
Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Walters v. Bharara et al.*, 20 Civ. 8803 (AKH)

Dear Judge Hellerstein:

      We write respectfully regarding the deadlines for responses to the complaint in this action, in which Plaintiff William T. Walters asserts claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against six former officers and employees of the United States Attorney's Office and the Federal Bureau of Investigation.

      This Office does not represent any party in this action at this time. Because the claims against the individual defendants in this action arise from their former roles as federal officers and employees, they may be entitled to representation by the Department of Justice ("DOJ"); by private counsel at federal expense; or by reimbursement to the employees of private counsel fees. *See* 28 C.F.R. §§ 50.15(a), 50.16. DOJ has yet not made a determination regarding DOJ representation or the provision of counsel or fees at federal expense.

      We write respectfully because the docket text incorrectly reflects that the defendants' response deadlines fall 21 days from the dates of service indicated on the docket, *i.e.*, on February 4 or 9, 2021. *See* Dkt. Nos. 16, 19, 22, 25, 28, 31, 35.

      Rule 12 of the Federal Rules of Civil Procedure provides a 60-day response deadline for a "United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf." Fed. R. Civ. P. 12(a)(3) (response must be served "within 60 days after service on the officer or employee or service on the United States attorney, whichever is later"); *see also id.*, advisory committee's note to 2000 amendment ("An action against a former officer or employee of the United States is covered by [Rule 12(a)(3)] in the same way as an action against a present officer or employee. Termination of the relationship between the individual defendant and the United States does not reduce the need for additional time to answer.").

      Thus, we respectfully request that the Clerk of the Court be directed to correct the docket to note that (according to the service information reflected on the docket) the defendants' response deadlines will fall, at earliest, on March 15, 2021.

This Office reserves all rights and defenses in this matter on behalf of the defendants, for whom this Office does not and cannot appear unless and until DOJ makes a final determination as to whether they will receive DOJ representation.

Thank you for your consideration of this matter.

                    Respectfully submitted,

                    AUDREY STRAUSS
                    United States Attorney for the
                    Southern District of New York

By:    /s/ Samuel Dolinger
                    SARAH S. NORMAND
                    SAMUEL DOLINGER
                    Assistant United States Attorneys
                    86 Chambers Street, 3rd Floor
                    New York, New York 10007
                    Tel.: (212) 637-2709/2677
                    sarah.normand@usdoj.gov
                    samuel.dolinger@usdoj.gov

cc: Counsel of record (via ECF)