```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
WILLIAM T. WALTERS ,                                            :
                                                                :    ORDER GRANTING MOTIONS
                              Plaintiff,                        :    TO DISMISS
        -against-                                               :
                                                                :    20-cv-8803
PREETINDER BHARARA, DAVID CHAVES,                               :
GEORGE VENIZELOS, RICHARD ZABEL,                                :
TELEMACHUS KASULIS, DANIEL                                      :
GOLDMAN, and DOES 1-50, INCLUSIVE,                              :

                              Defendants.

--------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

   The motions to dismiss are granted.  An action under 42 U.S.C. § 1983 is governed by a three-year statute of limitations.  The leaks of grand jury investigations by defendant Chaves of which plaintiff complains took place from April of 2013 to May of 2014. (Compl. ¶¶ 45, 59).  The last newspaper story containing these leaks was published June 1, 2014 by the *Wall Street Journal*.  (Compl. ¶ 76).  Plaintiff made the leaks the subject of a motion to dismiss the indictment against him for compromising his right to a fair trial, a motion that he lost in the district court and the Court of Appeals.  (Compl. ¶¶ 123, 125).

   Plaintiff filed his complaint October 22, 2020, more than three years after Chaves' leaks.  The investigation of the leaks by the Department of Justice, whether vigorous or flimsy, does not toll the running of the statute.  Plaintiff cannot wait until the end of a governmental investigation and then, when he does not like the outcome, decide to sue, even though the statute of limitations has, in the meantime, run.  That is not equitable estoppel.  *Gonzalez v. Hasty*, 802

F.3d 212, 220 (2d Cir. 2015); *see Kronisch v. United States*, 150 F.3d 112, 123-24 (2d Cir. 1998). Plaintiff's lawsuit is barred.

The district court, affirmed by the Court of Appeals, held that the leaks did not deprive plaintiff of a fair trial, and the judgment of conviction against him was lawfully filed. Although it is possible that a violation of grand jury secrecy can stand alone as a tort, the clear applicability of the statute of limitations makes it unnecessary for the court to rule on whether *Heck v. Humphrey,* 512 U.S. 427 (1994) bars the suit, or on the other grounds of the motions.

Accordingly, the complaint is dismissed, the Clerk shall terminate ECF 47 and ECF 54, enter judgment in the Defendant's favor, and mark the case closed.

SO ORDERED.

Dated:   September 13, 2021
        New York, New York

   /s/ AlvinK. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge